Argued May 6, affirmed June 3, 1966

# STATE OF OREGON *v.* GILL

415 P. 2d 166

*John Toran, Jr.,* Portland, argued the cause and filed briefs for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, LUSK and HAMMOND, Justices.

## SLOAN, J.

Defendant was convicted by a jury of the attempted rape of his 15 year old daughter. There are three assignments of error raised by this appeal.

The first assignment claims that the court should have allowed a mistrial when the daughter became emotionally distressed as she testified. We have held in a civil case that the prejudicial effect of an emotional outburst is a decision peculiarly within the province of the trial court. The opinion stated the "common pattern" of the cases on the subject was to sustain the action of the trial court. *Hays v. Herman,* 1958, 213 Or 140, 145, 322 P2d 119, 69 ALR2d 947. The same rule is generally applied in criminal cases. 46 ALR2d 950, 951. After the incident occurred at the trial in the instant case the court carefully cautioned the jury to disregard the emotional conduct. We cannot say the event required the court to grant the motion for a mistrial.

The second assignment claims the court erred in instructing the jury that the state could prove its case by circumstantial evidence but did not include a statement that the defendant could also rely on circumstantial evidence. The defendant did not submit any

requested instructions. *State v. Ellis,* 1962, 232 Or 70, 93, 374 P2d 461, holds that "it is not reversible error for the court to fail to instruct a jury on a particular point unless a proper instruction has been requested."

■ The third assignment claims the court erred in the language used to tell the jury that the victim was too young to consent. The language used was permissible and the instruction on age of consent was necessary.

None of the assignments have merit. Judgment affirmed.