For the reasons stated, we find

No error.

Judges MORRIS and PARKER concur.

---

STATE OF NORTH CAROLINA v. GEORGE LEON BROWN

No. 7326SC129

(Filed 11 April 1973)

1. Criminal Law § 66— observation of defendant at crime scene — in-court identification of defendant — independent origins

Where there was competent, clear and convincing evidence to support the trial court's findings that in-court identifications of defendant by victims of a robbery and felonious assault were of independent origin, based solely on what they observed during and immediately after the robbery, and did not result from any out-of-court confrontation or from any pre-trial identification procedure suggestive of and conducive to mistaken identification, the findings are binding on the court on appeal.

2. Criminal Law §§ 102, 128— improper jury argument by solicitor — new trial denied — no error

Defendant was not entitled to a new trial where the court ordered the jury to disregard a remark of the solicitor, in arguing to the jury, that "If you don't march right out of the jury room and convict him, I am going to be sick with you."

APPEAL by defendant from *Friday, Judge,* 31 July 1972 Session of Superior Court held in MECKLENBURG County.

Defendant, George Leon Brown, was charged in separate bills of indictment, proper in form, with (1) armed robbery and (2) felonious assault with a deadly weapon with intent to kill Carrie Lynn Schrecengost inflicting serious injury. Upon his pleas of not guilty, the State offered evidence tending to show that at about 9:00 p.m., 25 December 1971, defendant and two male companions entered the office of Horne's Motor Lodge in Charlotte, approached the counter and inquired of the desk clerks, Carrie Lynn Schrecengost and Tony Prince, about renting a room. The office was well lighted. Defendant Brown stood within two and one-half feet of Mrs. Schrecengost and asked "if I couldn't give him a special rate on a room with one bed with all of them sleeping in one room." As Mrs. Schrecengost turned to look at the "room board" a pistol discharged and the man holding the pistol stated, "Give me all your money." Mrs. Schrecengost removed the drawer from the cash register and placed it on the counter. Defendant Brown and another man began removing the money from the cash register while the man with the pistol held it about two inches from the head of Tony Prince. Mr. Prince and Mrs. Schrecengost were told that they would be shot if they moved. After defendant and his two companions left, Mrs. Schrecengost, who had been shot in the abdomen, "laid down on the floor . . . for about ten minutes," awaiting the arrival of an ambulance. She was taken to Memorial Hospital and underwent four hours of surgery, then remained in the hospital for over two weeks. In May, 1972, Mrs. Schrecengost returned to the hospital for a second operation and remained there for an additional three weeks. Defendant was in the presence of Mrs. Schrecengost and Tony Prince for approximately ten minutes during the perpetration of the robbery.

Defendant offered the testimony of his mother, Daisy Brown, describing his appearance on 24 December 1971.

Defendant was found guilty as charged and from a judgment imposing consecutive active prison sentences of 16 to 20 years for armed robbery, and 4 to 7 years for felonious assault, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Howard A. Kramer for the State.*

*Peter H. Gerns for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant first assigns as error the conclusion of the trial court that the in-court identifications of defendant by State's witnesses Carrie Lynn Schrecengost and Tony Prince were "of independent origin and not tainted by pre-trial identification procedures."

The record fails to disclose an objection by defendant to testimony of Mrs. Schrecengost that "this man (indicating Brown) to whom I am now taking a look . . . is the man that was standing in front of me in Horne's Motor Lodge on the night of December 25th when I was shot and robbed," or that defendant objected to testimony of Tony Prince identifying defendant as the perpetrator of the crime charged. Nevertheless, the trial judge, during the testimony of Mrs. Schrecengost and again during the testimony of Tony Prince, conducted *voir dire* hearings in the absence of the jury and, after hearing testimony of Mrs. Schrecengost and Mr. Prince, made detailed findings of fact as to any out of court confrontation between them and the defendant and as to what they observed during and immedi-ately after the robbery. There was competent, clear and convincing evidence to support the court's positive findings that the in-court identifications of the defendant by Mrs. Schrecengost and Tony Prince were of independent origin, based solely on what they observed during and immediately after the robbery, and did not result from any out of court confrontation or from any pre-trial identification procedure suggestive of and conducive to mistaken identification. Such findings when supported by competent evidence are conclusive on appellate courts, both State and Federal. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971). This assignment of error is overruled.

[2]  Defendant assigns as error the denial of his motion for a new trial interposed when the solicitor, in arguing to the jury, stated: "If you don't march right out of the jury room and convict him, I am going to be sick with you."

A motion for a mistrial is addressed to the sound discretion of the trial judge and his ruling thereon will not be reviewed on appeal absent a showing of abuse of discretion. *State v. Williams,* 7 N.C. App. 51, 171 S.E. 2d 39 (1969).

In the instant case, upon objection by defendant, the trial court instructed the jury "to strike these comments from their

mind." Defendant has failed to show an abuse of discretion by the trial judge in the denial of his motion for a new trial.

Defendant has additional assignments of error which we have carefully considered and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and VAUGHN concur.