## STATE OF NORTH CAROLINA v. SHERMAN CAUTHEN AND WILLIE LEON DUNN

### No. 7310SC426

### (Filed 11 July 1973)

1. **Criminal Law § 66— observation of defendant at robbery scene — in-court identification proper**

    In-court identifications of defendants as perpetrators of an armed robbery by victims of the robbery and a third person were based on observation of defendants at the crime scene and were not the result of improper out-of-court confrontation.

2. **Robbery § 3— pistol and holster of victim — admissibility**

    Trial court in an armed robbery prosecution did not err in refusing to suppress testimony with respect to a pistol and holster taken from the victim during the robbery where there was plenary evidence to connect defendant with the pistol and holster found in the parking lot beneath the left rear door of the police car in which defendant had been driven to police headquarters.

3. **Criminal Law § 43— police mug shot of defendant — prejudicial markings — harmless error**

    Where a witness positively identified defendant as the perpetrator of the robbery in question, introduction for the purpose of illustration of a police "mug shot" of defendant without covering prejudicial markings thereon, though erroneous, was harmless beyond a reasonable doubt, particularly since the court instructed the jury to disregard any writing on the photograph.

APPEAL by defendants from *Brewer, Judge,* 6 November 1972 Session of Superior Court held in WAKE County.

Defendants, Sherman Cauthen and Willie Leon Dunn, were charged in separate bills of indictment, proper in form, with the armed robbery of Edna and Howard Young. Upon their pleas of not guilty, the State offered evidence tending to show the following:

Shortly after 9:00 a.m., 18 August 1972, defendant Dunn entered the Person Street Grocery, owned and operated by Edna and Howard Young. He walked to the meat counter and asked Howard Young to turn the light on in the meat counter. From two to five minutes later, defendant Cauthen entered the store and asked for two eggs. After Howard Young placed the eggs on the counter, defendant Dunn, "turned around and throwed a pistol right at my head and said, 'Give it up. Give it up.'" When Edna Young, reached for a pistol, defendant Cauthen aimed a pistol at her and stated "[d]on't draw."

After forcing Mr. and Mrs. Young to lie on the floor behind the counter, defendants took the money from the cash register, then removed from the person of Mr. Young his wallet, watch, and pistol and took Mrs. Young's watch from her arm and ring from her finger. One of the defendants fired a shot into the floor near Mr. Young's head. Before leaving the store, defendants tied Mr. and Mrs. Young with stockings.

Minnie Ashe met the defendants as they left the store. She untied the Youngs, who immediately called the police. At approximately 9:20 a.m., defendant Dunn, accompanied by a subject resembling defendant Cauthen, was seen by the police walking on Walnut Street. When the police approached, the subject resembling defendant Cauthen ran and was not apprehended. Defendant Dunn was arrested for carrying a concealed weapon.

At the police station the Youngs' wedding rings and Howard Young's wristwatch and wallet, containing his driver's license and social security card, were found in the possession of defendant Dunn. Beneath the left rear door of the automobile in which Dunn was driven to police headquarters was found the pistol and holster taken from the person of Howard Young during the robbery.

Defendant Dunn testified that he had purchased the articles identified as the Young's property from a subject named "Coco." Defendant Cauthen offered no evidence.

The defendants were found guilty as charged and from judgments imposing prison sentences of thirty years each, they appealed.

*Attorney General Robert Morgan and Emerson D. Wall, Associate Attorney, for the State.*

*Poyner, Geraghty, Hartsfield & Townsend by John L. Shaw for defendant appellant Cauthen.*

*Boyce, Mitchell, Burns & Smith by Benjamin F. Clifton, Jr., for defendant appellant Dunn.*

HEDRICK, Judge.

[1]   Defendants contend that Mr. and Mrs. Young's and Miss Ashe's in-court identifications of them as the perpetrators of the robbery were tainted by unlawful and unconstitutional out of court confrontations and identification procedures.

Upon objection by defendants to the in-court identification of them as the perpetrators of the crime charged, the trial court conducted a *voir dire* hearing in the absence of the jury where, after hearing the testimony of Howard Young, Edna Young, Minnie Ashe and various police officers as to all out of court identification procedures, the judge made the following findings and conclusions:

"That the photographic identification procedure and confrontation was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable mistaken identification by the witnesses, Howard Young, Edna Young and Minnie Ashe, and that the identification procedure met the standards of decency, fairness and justice; that the in-court identification of the defendants, Sherman Cauthen and Willie Leon Dunn, by the witnesses, Howard Young, Edna Young and Minnie Ashe, were of independent origin and was based on the witnesses' observation of each of the defendants at the scene of the alleged armed robbery rather than on the photographic identification or confrontation at the store and was untainted by the illegality, if any, underlying the photographic identification and confrontation by Howard Young, Edna Young and Minnie Ashe."

The conclusions of the trial court are supported by competent evidence and are binding on appeal. *State v. Brown,* 18 N.C. App. 35, 195 S.E. 2d 567 (1973), cert. denied, 283 N.C. 586 (1973). These assignments of error are without merit.

[2]   Defendant Dunn contends the trial court erred in refusing to suppress testimony pertaining to State's exhibit 8, the pistol and holster taken from Howard Young during the robbery.

Upon defendant's motion to suppress this testimony, the trial court conducted a *voir dire* examination in the absence of the jury, to determine whether there was sufficient evidence to connect defendant with the pistol and holster, found in the parking lot beneath the left rear door of the police car in which defendant had been driven to police headquarters. After hearing testimony of Patrolman S. E. Cobb and Detective D. C. Williams, the trial court denied the motion. We find and hold that there was plenary competent evidence to connect defendant with the pistol and holster found in the police parking lot and that the trial court did not err in denying Dunn's motion to suppress.

[3]  Defendant Cauthen contends the trial court erred in admitting into evidence and allowing the jury to view a "mug shot" photograph of him without covering the "prejudicial markings" thereon and instructing the jury to disregard the "prejudicial markings" and consider the photograph solely as illustrative of the testimony of Edna Young.

The challenged photograph depicts defendant in front and side views and bears the following information:

> "N.C.   PRISON—RALEIGH
>
>        168-267     A-B
>
> AGE    36
>
> HT     5-8"
>
> WT     160    1-21-65"

Before the challenged photograph was introduced into evidence, Mrs. Young had positively identified defendant Cauthen as a participant in the robbery. Immediately after the robbery, she gave the police a description of the men and on the following day, when the police brought a package of 15 to 20 photographs to the store, she picked out the photograph in question. The State offered the photograph to illustrate her testimony.

In *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970) it was held that a police department "mug shot" photograph of the defendant was properly admitted to illustrate the testimony of a witness regarding defendant's identity, where the words "Greensboro Police Department" and the date "11/67" were covered on the photograph prior to its admission.

In *State v. Bumper,* 5 N.C. App. 528, 169 S.E. 2d 65 (1969), it was held that the admission into evidence of a photograph of defendant bearing the following information, "Police Department, Burlington, N. C., 9495, 7-10-66" was not prejudicial, since defendant sought to impeach the testimony of a witness relating to his photographic identification of defendant, and the photograph was used to illustrate the witness' testimony that defendant's name did not appear thereon.

There has been no prior North Carolina decision directed to the precise question with which we are confronted, and the law of other jurisdictions appears to be sharply divided on this point. See Annot., 30 A.L.R. 3rd 908 (1970).

While we feel the court erred in admitting into evidence the unexpurgated photograph of defendant, it has not been made to appear that defendant was prejudiced thereby and that a different result likely would have ensued had the photograph been excluded. *State v. Barrow*, 276 N.C. 381, 172 S.E. 2d 512 (1970). Therefore, the error was harmless beyond a reasonable doubt. *State v. Hudson*, 281 N.C. 100, 187 S.E. 2d 756 (1972); *State v. Barrow, supra.* Moreover, the trial court's precautionary instruction to the jury to disregard any writing on the photograph was proper and minimized the possibility of any prejudice to defendant. This assignment of error is overruled.

There was plenary competent evidence to require submission of the case to the jury as to both defendants and to support the verdicts.

Defendants have additional assignments of error which we have carefully considered and find to be without merit. The trial of the defendants in the Superior Court was free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.