STATE OF NORTH CAROLINA v. GEORGE SEGARRA

No. 7512SC312

(Filed 2 July 1975)

1. Criminal Law § 66— voir dire on identification of defendant — questions by court proper

 While the trial judge did ask questions of the two State's witnesses who testified at the *voir dire* hearing regarding an armed robbery victim's identification of the defendant, there is nothing in the record to support the defendant's contention that the court assumed the role of the prosecution or that the judge committed any error by asking questions of the witnesses.

2. Criminal Law § 66— identification of defendant — observation at crime scene as basis

 Evidence was sufficient to support the trial court's findings and conclusions that an armed robbery victim's in-court identification of defendant was based on his observations at the time of the crime and was not tainted by an out-of-court photographic identification procedure conducted in the victim's hospital room 10 days after the crime.

3. Criminal Law §§ 43, 85— photograph of defendant — markings indicating prior public custody — admission harmless error

 Where the trial court allowed into evidence the six photographs used by the police in a pre-trial identification procedure and all six had written material on them indicating that the subjects were or had been in the custody of local law enforcement officials, the trial court did not err with respect to the photographs of the five individuals other than the defendant; however, admission of defendant's photograph with the figures "8 13 74" on it indicated to the jury that defendant was in police custody two months prior to the commission of the offense for which he was being tried, and such admission was harmless error.

4. Criminal Law § 89— corroborating evidence — admissibility

 The trial court did not err in admitting into evidence testimony of an officer which corroborated that of one of defendant's accomplices.

5. Robbery § 5— armed robbery — failure to submit lesser included offenses — no error

 Where all the evidence tended to show that if the defendant committed a crime at all he and two accomplices robbed their victim with the use or threatened use of a pistol, a tree limb, and an iron pipe, the trial court in a prosecution for armed robbery did not err in failing to submit to the jury lesser included offenses.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 29 January 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 June 1975.

This is a criminal prosecution wherein the defendant, George Segarra, was charged in a bill of indictment, proper in form, with armed robbery.

Defendant entered a plea of not guilty, and the State offered evidence tending to show the following: On the night of 15 October 1974 Allen Bellows and a friend, Willie Christors, met two girls, Anna Martino and Cheryl Snow, at a pizza parlor on Hay Street in Fayetteville. The four of them went to Miss Snow's house on Shaw Road in Cumberland County. About thirty minutes later Bellows and Christors decided to return to Fayetteville. When they walked out the door of the house leading to the driveway, the defendant and two other men came around the side of the house. The defendant had a piece of wood in his hand which was about three feet long and "about as thick as a wrist." One of the men had a pistol. When Bellows yelled to his friend, "This is a robbery," and attempted to escape, the defendant and one of the other men grabbed him and began to hit him about his head and shoulders. The defendant hit Bellows by swinging the stick "like a baseball bat," and the second man hit Bellows with a "long piece of . . . a galvanized pipe." Bellows fell to the ground, and his assailants took $2,000 in American Express Traveler's Checks and $260 in cash from out of his pockets. Bellows was hospitalized for sixteen days. As a result of being beaten, he suffered cracked ribs, injuries to his head, and bruises and lacerations. One of his eyes was damaged so badly that it had to be removed.

Det. Sgt. Robert L. Burns of the Cumberland County Sheriff's Department testified that due to the severity of Bellows' injuries he was not able to discuss the robbery with Bellows until 24 October 1974. On 25 October 1974, Officer Burns showed Bellows a total of fourteen photographs. Bellows immediately picked the defendant's photograph out of a group of six photographs as one of the men who had participated in the robbery. The six photographs depicted men of approximately the same age who had similar features and coloring.

The State also offered the testimony of Merritt L. Hope who stated that he, the defendant, and another man named Scott, followed Bellows and Christors from Hay Street to Cheryl Snow's house. When Bellows and Christors came out of the house, Scott pointed a gun at them and said, "Hold it, we're going to take your money." Bellows indicated that he was not going to comply with their demands, and while Hope held the

gun on Christors, Scott and the defendant beat and robbed Bellows. The defendant hit Bellows with an "object [which] looked like a tree. . . . It was about 4 feet long and a little larger than a 2 by 4 stick." About an hour and a half after the robbery, Hope, the defendant, and Scott split the money taken from Bellows and Christors, which consisted in part of Traveler's Checks.

The defendant offered no evidence.

The jury returned a verdict of guilty. From a judgment that the defendant be imprisoned for not less than twenty-five (25) nor more than thirty (30) years, he appealed.

*Attorney General Edmisten by Assistant Attorney General Lester V. Chalmers, Jr., and Associate Attorney T. Laurence Pollard for the State.*

*Downing, David, Vallery and Maxwell by Ray C. Vallery for defendant appellant.*

HEDRICK, Judge.

By his first assignment of error, defendant contends the court erred (1) in asking questions of the State's witnesses on the voir dire hearing to such an extent that it assumed the role of the prosecution and (2) in allowing the witness Bellows to identify the defendant at trial as one of his assailants.

[1] While the trial judge did ask questions of the two State's witnesses who testified at the voir dire hearing regarding Bellows' identification of the defendant, there is nothing in the record to support the defendant's contention that the court assumed the role of the prosecution or that the judge committed error by asking questions of the witnesses. Since the very purpose of such a hearing is to enable the judge to determine whether the witness' identification of the defendant at the trial as a peretrator of the crime was based entirely on his observations during the commission of the crime, we think the trial judge is and should be at liberty to make such inquiries as he deems necessary to enable him to make a fair and independent determination of the question.

[2] After the voir dire hearing, the trial judge made findings and concluded that Bellows's "in-court" identification of the defendant was based on his observations at the time of the commission of the crime and that such identification was not tainted by the "out-of-court" photographic identification pro-

cedure. There is plenary competent evidence in the record to support the findings of the trial judge which in turn support his conclusion. This assignment of error has no merit.

[3]   Next, defendant contends the court erred in allowing the six photographs used by the police in the pre-trial identification procedure to be introduced into evidence and exhibited to the jury. Defendant argues that the court erred in not instructing the jury that these photographs were admitted for the sole purpose of illustrating the testimony of Officer Burns.

It is well-settled that when evidence competent for one purpose only and not for another is offered, the objecting party must request the court to restrict the consideration of the jury to that aspect of the evidence which is competent. Failure of the trial judge to give a limiting instruction in the absence of a request therefor is not error. State v. Goodson, 273 N.C. 128, 159 S.E. 2d 310 (1968).

Defendant argues that the admission of the photographs was prejudicial error because the writing on the photographs, particularly on the photograph of the defendant, indicated that the defendant had committed other offenses and thereby presented his character to the jury in an unfavorable light. All of the photographs in question contain written material indicating that the subjects were or had been in the custody of local law enforcement officials. All of the photographs likewise have identification markings which indicate that the photographs were used in a pre-trial identification procedure in this case. The photograph of the defendant has the following legend beneath his face:

CITY COUNTY
BUR OF IDENTIFICATION
41255  8 13 74
FAYETTEVILLE NC

The written material on the photographs of the five individuals other than the defendant could not possibly tend to show that the defendant had committed other crimes and therefore could not have placed him in an unfavorable light in the eyes of the jury. We find no error in the admission of these photographs into evidence for the purpose of illustrating Burns' testimony.

However, the figures "8 13 74" on the photograph of the defendant obviously refer to the date the photograph was taken

by the City County Bureau of Identification. This at least indicates that the defendant was in police custody two months prior to the commission of the offense for which he was being tried. While we are of the opinion that the admission of this photograph without deleting or covering the written material was error, see Annot. 30 A.L.R. 3d 908 (1970), we are of the opinion that the error was harmless beyond a reasonable doubt, *State v. Cauthen,* 18 N.C. App. 591, 197 S.E. 2d 567 (1973), cert. denied, 283 N.C. 755, 198 S.E. 2d 724 (1973), cert. denied, 415 U.S. 926 (1974). Prior to introduction of the photograph into evidence, the defendant had been identified by Bellows and Anna Martino; and Merritt Hope, one of the accomplices, had given detailed testimony of the defendant's complicity in the crime. In the light of these overwhelming circumstances, we do not perceive how the admission of the unexpurgated photograph of the defendant could have been prejudicial. This assignment of error is not sustained.

[4] Based on exceptions nineteen through twenty-five, defendant contends the court erred in allowing Officer Burns to testify at trial as to what the witness Merritt L. Hope had told him during the officer's pre-trial investigation of the assault and robbery of Bellows by Hope, the defendant, and a third individual.

This aspect of Officer Burns's testimony was clearly admitted into evidence for the purpose of corroborating Hope's prior account of the events of the night of 15 October 1974. In fact, when the defendant initially objected to the testimony complained of, the trial judge correctly instructed the jury that Burns's testimony as to anything said to him by Hope was offered only for the purpose of corroborating Hope, if the jury believed that it did, and for no other purpose. We have reviewed the testimony objected to and find no substantial variance between it and what Hope testified to at trial. Slight variances in corroborating testimony do not render such testimony inadmissible. *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429 (1960). These exceptions are without merit.

[5] Finally, defendant contends the trial court erred in failing to submit to the jury the lesser included offenses of armed robbery. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *pres-*

*ence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954).

In the instant case, there was no evidence introduced at trial from which a jury could find that a crime of lesser degree than robbery with the use or threatened use of a firearm or other dangerous weapon had been committed. All the evidence tended to show that if the defendant committed a crime at all he and two accomplices robbed Allen Bellows with the use or threatened use of a pistol, a tree limb, and an iron pipe. This assignment of error is not sustained.

We have carefully considered defendant's other assignment of error regarding the court's failure to give equal stress to the contentions of the State and the defendant and find it to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.