STATE OF NORTH CAROLINA v. CALLIE SORRELLS, JR.

No. 7612SC1039

(Filed 1 June 1977)

**Criminal Law § 98.1— rape prosecution — misconduct of prosecuting witness — no prejudice to defendant**

Defendant in a prosecution for rape was not prejudiced when the prosecuting witness, during defendant's testimony, jumped up from her chair behind the district attorney's table and ran toward defendant shouting, "You no good black so and so, you did do it, you know you did," since the court excused the jury and admonished the prosecuting witness concerning her conduct in the courtroom, and the court then recalled the jury and instructed them to put the incident out of their minds and not to consider it under any circumstances.

APPEAL by defendant from *Gavin, Judge*. Judgment entered 22 July 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 May 1977.

Defendant was indicted for second degree rape and for crime against nature. He pled not guilty.

The State presented the victim, a sixteen year old school girl when the offenses were committed. She testified that as she was walking home from school shortly after 11:00 a.m. on 3 June 1975, a car driven by defendant and carrying one male passenger stopped. Defendant offered to take her home, and she got into the car. Defendant drove instead to a wooded area, where he ordered her to get out. When she ran, he knocked her down and kicked her. After threatening to kill her, defendant and the other man each had intercourse with her. Each then forced her to take his penis into her mouth. After this was done, defendant drove her near to her house. When she got out of the car, she wrote down the license number, HTA 757. On reaching her home, she told her mother what had happened, and her mother took her to the hospital. The following week she picked out defendant's picture from seven photographs shown her by an officer.

The State also presented evidence to show that North Carolina license number HTA 757 was the license number of defendant's car.

Defendant testified that during the entire morning of 3 June 1975 he was engaged in training duties at Fort Bragg. Several witnesses corroborated his alibi.

The jury found defendant guilty of both charges. From judgment imposing prison sentences, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Davis S. Crump and Associate Attorney Patricia B. Hodulik.*

*Nance, Collier, Singleton, Kirkman, and Herndon, by James D. Little for defendant appellant.*

PARKER, Judge.

All questions presented on this appeal arose out of the following episode which occurred during the course of the trial. After the State presented its evidence and rested, defendant took the stand and testified concerning his activities at Fort

Bragg during the morning of 3 June 1975. He then testified that the first time he ever saw the prosecuting witness was in court, and he denied he had raped her. At that point the prosecuting witness jumped up from her chair behind the District Attorney's table and ran toward the defendant shouting, "You no good black so and so, you did do it, you know you did." Courtroom officers intervened and forced the prosecting witness to be seated, and the judge sent the jury to their room. In the absence of the jury, the judge admonished the prosecuting witness concerning her conduct in the courtroom. After a brief recess, the prosecuting witness apologized to the court and stated that she could control herself, and the judge permitted her to remain in the courtroom. The judge then called the jury back and instructed them as follows:

> "Members of the jury, I want to instruct you that you will not consider any statement made by the prosecuting witness which was made just a moment or two before I sent you out when she got up out of the chair and approached this witness. That is not evidence and you should put that out of your minds and not consider it under any circumstances."

The trial then proceeded to its conclusion without further untoward incident. Based on the foregoing episode, defendant in apt time moved for a mistrial. He now assigns error to the denial of that motion. We find no error.

Certainly every criminal trial should be conducted in an atmosphere of judicial calm, free from the bias which emotional outbursts may arouse. It must be recognized, however, that a criminal trial by its very nature may be subject to dramatic incidents which the trial judge cannot be expected to foresee in time to prevent. When such an incident involving an unexpected emotional outburst occurs, the judge must act promptly and decisively to restore order and to erase any bias or prejudice which may have been aroused. Whether it is possible to accomplish this in a particular case is a question necessarily first addressed to the sound discretion of the trial judge. "Not every disruptive event occurring during the course of the trial requires the court automatically to declare a mistrial," *State v. Dais,* 22 N.C. App. 379, 384, 206 S.E. 2d 759, 762 (1974) ; *see* Annot., 46 A.L.R. 2d 949 (1956), and if in the sound discretion of the trial judge it is possible, despite the untoward event, to preserve defendant's basic right to receive a fair trial before

State v. Sorrells

an unbiased jury, then the motion for mistrial should be denied. On appeal, the decision of the trial judge in this regard is entitled to the greatest respect. He is present while the events unfold and is in a position to know far better than the printed record can ever reflect just how far the jury may have been influenced by the events occurring during the trial and whether it has been possible to erase the prejudicial effect of some emotional outburst. Therefore, unless his ruling is clearly erroneous so as to amount to a manifest abuse of discretion, it will not be disturbed on appeal.

In the present case the judge did act promptly and decisively. Immediately after the outburst occurred, the jury was sent from the courtroom. The trial was not resumed until the judge was assured that the prosecutrix could control herself. When the jury returned, the judge instructed it to put the incident out of their minds and "not consider it under any circumstances." The remainder of the trial proceeded in a calm and orderly manner. We find no manifest abuse of discretion in denial of the motion for mistrial.

While each case must, of course, be decided on its own facts, other courts in cases which involved factual situations somewhat similar to the situation presented in the present case have sustained the trial court's decision denying a motion for mistrial. *State v. Savage,* 161 Conn. 445, 290 A. 2d 221 (1971); *Morris v. Commonwealth,* 459 S.W. 2d 589 (Ky. 1970); *State v. Gill,* 243 Or. 621, 415 P. 2d 166 (1966).

We also find no error in the court's denial of defendant's motion, made after denial of the motion for mistrial, that the court make inquiry of the jury prior to proceeding with the case to determine whether there had been prejudice to defendant as a result of the outburst of the prosecuting witness. This motion was also addressed to the sound discretion of the trial judge. The judge apparently decided that his clear and prompt instruction to the jury not to consider the emotional outburst of the prosecuting witness would be sufficient to remove whatever prejudice which the incident had created and to assure defendant a fair trial. In so deciding, we find no abuse of discretion.

What we have said disposes of defendant's remaining assignments of error, all of which are overruled. In defendant's trial and in the judgment appealed from, we find

No error.

Judges BRITT and MARTIN concur.