STATE OF NORTH CAROLINA v. TONYA HARRIS STROUD

No. 858SC578

(Filed 31 December 1985)

1. **Criminal Law § 76.4— statement by defendant—voir dire—reopening for limited purpose—voluntariness of statement**

Where defendant, who was charged with vehicular manslaughter, moved to suppress any statements she made to any investigating officer, the trial court did not abuse its discretion in reopening the evidence on voir dire for the limited purpose of hearing testimony with respect to the nature of the rights stated by the investigating officer to defendant; furthermore, the court did not err in finding as a fact that defendant was advised of her rights and that there were no rewards, promises of reward, threats or inducements of-

fered to her, though the evidence was conflicting, nor did the court err in concluding that defendant was given the *Miranda* warnings and that the officer's interrogation was investigatory and not in-custody.

**2. Automobiles § 113.1— death by vehicle—violation of safety statute—speed within posted limit—sufficiency of evidence**

   There was no merit to defendant's contention that the court erred in denying her motions to dismiss on the ground that violation of a safety statute is an element of the death by vehicle offense and there was no evidence that she violated a safety statute, since there was substantial evidence that defendant, though she drove within the posted speed limit, was driving faster than was reasonable and prudent under existing conditions in violation of G.S. 20-141(a) and (m).

**3. Criminal Law § 101— outburst by defendant's husband—denial of new trial—no error**

   The trial court did not abuse its discretion in denying defendant's motion for mistrial based on her husband's conduct during the State's closing argument to the jury where, in reaction to a statement by the prosecuting attorney regarding distortion of the truth, defendant's husband slammed his hand on the table and stated, "My wife ain't a liar"; an outburst occurred in the courtroom and one of the State's witnesses showed emotional trauma; the court excused the jurors, took defendant's motion for mistrial, and then polled the jurors individually; and all jurors indicated that they could disregard the disturbance in going about their deliberations. N.C.G.S. 15A-1061.

APPEAL by defendant from *Phillips, Herbert O., III, Judge.* Judgment entered 4 January 1985 in Superior Court, WAYNE County. Heard in the Court of Appeals 24 October 1985.

Defendant was charged with vehicular manslaughter and convicted of the lesser included offense of misdemeanor death by vehicle, N.C. Gen. Stat. 20-141.4(a2). She appeals from a judgment entered upon the conviction.

*Attorney General Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Barnes, Braswell & Haithcock, P.A., by Tom Barwick, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant moved to suppress any statements she made to any investigating officer. After presentation of evidence and arguments of counsel on voir dire, but before the court ruled on the motion, the State moved to reopen the evidence for the limited

purpose of offering testimony with respect to the nature of the rights furnished by the investigating officer to the defendant under the Miranda decision. The court, over defendant's objection, allowed the motion. Defendant contends this was error.

N.C. Gen. Stat. 15A-1226(b) provides: "The judge in his discretion may permit any party to introduce additional evidence at any time." Our Supreme Court has stated: "The trial court has discretionary power to permit the introduction of additional evidence after a party has rested." *State v. Jackson*, 306 N.C. 642, 653, 295 S.E. 2d 383, 389 (1982). This Court has stated: "It is within the discretion of the trial judge to permit, in the interest of justice, the examination of witnesses at any stage of the trial." *State v. Johnson*, 23 N.C. App. 52, 57, 208 S.E. 2d 206, 210, *cert. denied*, 286 N.C. 339, 210 S.E. 2d 59 (1974).

The purpose of the voir dire hearing was to enable the court to determine the question presented by defendant's motion to suppress. The court thus was "at liberty to make such inquiries [and allow such testimony] as [it] deem[ed] necessary to enable [it] to make a fair and independent determination of the question." *State v. Segarra*, 26 N.C. App. 399, 401, 216 S.E. 2d 399, 402 (1975). We find no abuse of the court's discretion in the re-opening of the voir dire examination.

Defendant contends the court erred in finding as a fact that she was advised of her rights and that there were no rewards, promises of reward, threats or inducements offered to her. She argues that she and her husband testified that the officer advised her that she could talk to him because there would not be any charges, and that there is no evidence to support the finding that no reward, promise of reward, threat or inducement was offered.

On direct examination the officer testified that he did not at any time before defendant made the statement "make any promise or any threats or any pressure or coercion." On cross-examination he denied that he advised defendant he "did not intend to prefer any charges and it did not appear that [he] would be preferring any charges." This testimony provided ample competent evidence to support the finding. "When the trial judge's findings are supported by competent evidence, they will not be disturbed on appeal even though the evidence is conflicting." *State v. Small*, 293 N.C. 646, 653, 239 S.E. 2d 429, 435 (1977). *See also State v.*

*Tolley*, 30 N.C. App. 213, 216, 226 S.E. 2d 672, 674, *disc. rev. denied*, 291 N.C. 178, 229 S.E. 2d 691 (1976) ("Since the . . . finding of fact that 'the officer made no offer of hope of reward or inducement for the defendant to make a statement' is supported by competent evidence, it is conclusive on appeal."). We find this argument without merit.

Defendant contends the court erred in concluding that she had been given the Miranda warnings and that the interrogation was not in-custody. She again argues that the officer's conduct amounted to a substantial inducement which rendered her statement inadmissible. We have found this argument without merit. We further find in the officer's voir dire testimony ample competent evidence to support the findings that the interrogation was investigatory rather than in-custody, that none of defendant's constitutional rights were violated, and that the statement was voluntarily, freely and understandingly made. Since the findings are supported by competent evidence, they are conclusive and binding on appeal. *State v. Burney*, 302 N.C. 529, 539, 276 S.E. 2d 693, 699 (1981).

[2] Defendant contends the court erred in denying her motions to dismiss in that violation of a safety statute is an element of the death by vehicle offense, *see* N.C. Gen. Stat. 20-141.4(a2), and there was no evidence that she violated a safety statute. We find substantial evidence that defendant violated N.C. Gen. Stat. 20-141(a) and N.C. Gen. Stat. 20-141(m). N.C. Gen. Stat. 20-141(a) provides: "No person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing." N.C. Gen. Stat. 20-141(m) provides:

The fact that the speed of a vehicle is lower than the . . . limits shall not relieve the operator of a vehicle from the duty to decrease speed as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, and to avoid injury to any person or property.

Defendant maintains that N.C. Gen. Stat. 20-141(m) "is violated only by one who drives less than the speed limit whose speed presents a hazard to others or others['] property." N.C. Gen. Stat. 20-141(m) establishes that driving below the speed limit

is not a defense to a charge of driving at a speed greater than is reasonable and prudent under existing conditions, and that regardless of the posted speed limit motorists have a duty to decrease speed if necessary to avoid a collision. It does not, as defendant asserts, protect a driver proceeding at precisely the posted speed from responsibility for a rear-end collision with another vehicle.

As stated in *Primm v. King*, 249 N.C. 228, 233, 106 S.E. 2d 223, 227 (1958):

> [T]he . . . statutes [N.C. Gen. Stat. 20-140, -141] [make] clear that whether . . . a speed of 55 miles an hour is lawful depends upon the circumstances at the time. These statutes provide that a motorist must at all times drive with due caution and circumspection and at a speed and in a manner so as not to endanger or be likely to endanger any person or property. At no time may a motorist lawfully drive at a speed greater than is reasonable and prudent under the conditions then existing.

Thus, N.C. Gen. Stat. 20-141(a) and N.C. Gen. Stat. 20-141(m), construed together, establish a duty to drive with caution and circumspection and to reduce speed if necessary to avoid a collision, irrespective of the lawful speed limit or the speed actually driven. We therefore find this contention without merit and hold that the court properly denied the motion to dismiss.

Defendant contends the court erred in instructing the jury that it must find, as an element of death by vehicle, that defendant failed to reduce her speed as necessary to avoid the collision. She again argues that N.C. Gen. Stat. 20-141(m) insulates her from responsibility unless the speed of her vehicle was lower than the posted speed limit, and that the instruction was prejudicial in that it "indicates that regardless of the fact that the defendant may be proceeding at the posted speed limit . . . she was required to reduce her speed in order to avoid an accident." For reasons stated in response to the preceding argument, we find this contention without merit.

[3] Defendant contends the court erred in denying her motion for mistrial based on her husband's conduct during the State's closing argument to the jury. In reaction to a statement by the

prosecuting attorney regarding distortion of the truth, defendant's husband slammed his hand on the table and stated: "My wife ain't a liar." An outburst occurred in the courtroom and one of the State's witnesses showed emotional trauma. The court excused the jurors, took defendant's motion for mistrial, and then polled the jurors individually. All jurors indicated that they could disregard the disturbance in going about their deliberations.

The court must declare a mistrial if there occurs during the trial conduct inside the courtroom resulting in substantial and irreparable prejudice to the defendant's case. N.C. Gen. Stat. 15A-1061. A mistrial is appropriate, however, only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law, and whether a mistrial should be granted is in the sound discretion of the trial judge. *State v. Calloway*, 305 N.C. 747, 754, 291 S.E. 2d 622, 627 (1982). The ruling will be disturbed on appeal only if so clearly erroneous as to amount to a manifest abuse of discretion. *State v. McGuire*, 297 N.C. 69, 75, 254 S.E. 2d 165, 169, *cert. denied*, 444 U.S. 943, 100 S.Ct. 300, 62 L.Ed. 2d 310 (1979), quoting *State v. Sorrells*, 33 N.C. App. 374, 376-77, 235 S.E. 2d 70, 72 (1977), *cert. denied*, 293 N.C. 257, 237 S.E. 2d 539 (1977).

The court, having polled each juror individually, concluded that the jurors could disregard the disturbance in their deliberations. The record provides no basis for this Court to reach a different conclusion. Defendant has not shown that the disturbance made it impossible for her to attain a fair and impartial verdict under the law. *Calloway, supra*. We thus find no manifest abuse of discretion in the denial of the motion for mistrial.

No error.

Judges EAGLES and COZORT concur.