STATE OF NORTH CAROLINA v. MARVIN EVERETTE JOYNER, Defendant

No. COA03-1689

(Filed 21 December 2004)

**1. Evidence— mug shot of defendant—not prejudicial**

There was no prejudicial error in the admission of a mug shot of a narcotics defendant showing him in police custody where there were multiple live identifications by an undercover officer trained in identifying people. Moreover, the jury was instructed that the photograph was to be used solely to illustrate and explain the officer's testimony.

**2. Appeal and Error— preservation of issues—failure to object**

The question of whether the identity of a confidential informant should have been revealed was not preserved for appellate review where defendant did not object to the trial court's refusal to force disclosure.

**3. Sentencing— prior record level—convictions stipulated**

Defendant was properly sentenced at a Record Level III where his counsel stipulated to his prior convictions.

Appeal by Defendant from convictions entered 25 June 2003 by Judge W. Erwin Spainhour in Superior Court, Iredell County. Heard in the Court of Appeals 2 November 2004.

*Attorney General Roy Cooper, by Staci Tolliver Meyer, Special Deputy Attorney General, for the State.*

*Parish & Cooke, by James R. Parish, for defendant-appellant.*

WYNN, Judge.

Defendant Marvin Everette Joyner appeals from his conviction of two counts of sale of a controlled substance and argues that the trial court erred by: (1) introducing over objection a "mug shot" photograph of Defendant tending to show Defendant was in police custody

at the time of the photograph; (2) failing to require the State to reveal the confidential informant present in the vehicle with the undercover officer at the time of the alleged drug deal; and (3) sentencing Defendant as a Record Level III where the State failed to prove Defendant's record level or receive a stipulation from Defendant's counsel. After careful review, we find no prejudicial error.

Briefly, the record shows that on the evening of 9 April 2000, Officer Marla Wood, an undercover officer working with the Narcotics Division of the Statesville Police Department, drove down Wilson Lee Boulevard, a location known for drug trade. In the vehicle with Officer Wood was a criminal informant. Officer Wood and the informant were flagged down by Defendant in front of a house on Wilson Lee Boulevard. Defendant approached the passenger's side of the vehicle, where Officer Wood was seated, and asked her what she needed. Officer Wood told Defendant she wanted a "twenty," the street word for a crack-cocaine rock. Defendant walked back toward the house, where several people were situated on the front porch, did something in the doorway, and returned to Officer Wood's vehicle with a crack-cocaine rock. After the sale was completed, Defendant and Officer Wood conversed for several minutes.

While it was getting dark at the time of the first undercover drug sale, Officer Wood saw—and memorized—Defendant's face. Indeed, Officer Wood was trained to identify people by looking at, *inter alia*, the forehead, shape of eyes, cheekbones, chin, hair, and body shape.

Immediately following the first drug sale, Officer Wood met with a surveillance team stationed one street away from the site of the sale. The team tested the rock, which was indeed cocaine. Officer Wood then returned to Wilson Lee Boulevard, where Defendant again approached her vehicle and asked what she needed. Officer Wood again requested a "twenty," which Defendant had in his hand. The area where the sale took place was lit, and Officer Wood identified Defendant as the same person who had previously sold her drugs. As an additional means of identification, the next day, Officer Wood rode back through the area where she had purchased the crack cocaine and saw Defendant in the same location. Also on 10 April 2002, Officer Wood was shown a photograph of Defendant, whom she positively identified as the person who had sold her the drugs.

To protect the undercover nature of the operation, Defendant was not arrested until November 2002. Defendant was tried in June 2003 for two counts of sale of a controlled substance. At trial, Defendant's

estranged wife testified that Defendant was with her in South Carolina at the time of the drug sales. Defendant's sister also testified that Defendant was in South Carolina at the time of the drug sales and that another man who resembles Defendant had sold drugs near her home before.

On 25 June 2003, a jury convicted Defendant of two counts of sale of a controlled substance. Defendant appealed.

---

[1] Defendant contends that the trial court erred by introducing over objection a "mug shot" photograph of Defendant tending to show Defendant was in police custody at the time of the photograph. "A trial court's ruling on an evidentiary point will be presumed to be correct unless the complaining party can demonstrate that the particular ruling was in fact incorrect." *State v. Herring*, 322 N.C. 733, 749, 370 S.E.2d 363, 373 (1988) (citing *State v. Milby*, 302 N.C. 137, 273 S.E.2d 716 (1981)). Moreover, even where an appellant shows error, "relief ordinarily will not be granted absent a showing of prejudice." *Id.* (citation omitted).

This Court has held that admitting into evidence a "mug shot" photograph indicating that a defendant had previously been in police custody may indeed be error. *State v. Segarra*, 26 N.C. App. 399, 402-03, 216 S.E.2d 399, 402-03 (1975). However, where a defendant was positively identified as the perpetrator of the crimes through other means such as detailed testimony, the error has been held to be harmless. *Id.* (where defendant was identified by two persons and detailed testimony of defendant's participation in the crime were provided, admitting mug shot into evidence was harmless error). Moreover, prejudice to a defendant is minimized where the trial court gives a limiting instruction as to the photograph. *State v. Cauthen*, 18 N.C. App. 591, 595, 197 S.E.2d 567, 569 (1973) (trial court's limiting instruction regarding a mug shot "minimized the possibility of any prejudice to defendant[]").

Here, Officer Wood, who was trained in identifying people, saw and memorized Defendant's face during the first drug sale and attendant conversation. Officer Wood then returned to the scene shortly after the first sale and purchased more crack cocaine from Defendant. The area where the sales took place was lit, and Officer Wood identified Defendant as the same person who had previously sold her drugs. As an additional means of identification, the next day, Officer Wood rode back through the area where she had purchased the crack cocaine and saw Defendant in the same location. Given

these multiple live identifications by a trained undercover police officer and that officer's detailed testimony thereof, any error in admitting the photograph of Defendant would have been non-prejudicial. Moreover, the trial court instructed the jury that the photograph was to be used solely "to illustrate and explain the testimony of [Officer Wood] and for no other purpose." The trial court's instruction strictly limiting the purpose for which the jury could consider the photograph minimized the possibility of any prejudice to Defendant. This assignment of error is therefore overruled.

[2] Next, Defendant contends that the trial court erred by failing to require the State to reveal the confidential informant present in the vehicle with Officer Wood at the time of the alleged drug deal. It is axiomatic that "[t]his Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) (citing *State v. Smith*, 50 N.C. App. 188, 272 S.E.2d 621 (1980)). To preserve issues for appellate review, a party must make a timely objection or motion, specifically stating the grounds therefor, at trial. N.C. R. App. P. 10(b).

Here, Defendant failed to raise any objection to the trial court's refusal to force the disclosure of the confidential informant. Indeed, after defense counsel requested that the informant be identified and the prosecutor's objection was sustained, defense counsel not only failed to object but actually agreed to the ruling, stating, "Okay. I won't ask." Because Defendant failed to preserve this issue for appellate review, this assignment of error is overruled.

[3] Finally, Defendant contends the trial court erred by sentencing Defendant as Record Level III where the State failed to prove Defendant's record level or receive a stipulation from Defendant's counsel. North Carolina General Statute section 15-1340.14(f) allows proof of prior convictions by stipulation, court record of prior convictions, records from the Division of Criminal Information, the Division of Motor Vehicles, or the Administrative Office of the Courts, or by "[a]ny other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f) (2003). A defendant's agreeing to a worksheet submitted by the State may constitute reliable proof of prior convictions. *State v. Eubanks*, 151 N.C. App. 499, 504-06, 565 S.E.2d 738, 742-43 (2002) (statements by defense counsel that he had seen the State's worksheet and had no objection to it could "reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet[]"); *cf. State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000) (defense counsel's statement

**BEECH MOUNTAIN VACATIONS, INC. v. NEW YORK FIN., INC.**

[167 N.C. App. 639 (2004)]

that there was no disagreement about the defendant's prior convictions "might reasonably be construed as an admission by defendant that he had been convicted of the other charges appearing on the prosecutor's work sheet[]").

In the case *sub judice*, Defendant's counsel stipulated as to Defendant's prior convictions. The State gave the trial court a worksheet listing Defendant's prior convictions. Defense counsel clearly stated that he had no questions about the worksheet except regarding a larceny by trick charge. When probed by the trial court, however, defense counsel did not desire a closer look at that case file and agreed to the length of time for which Defendant had been imprisoned for that charge. Because defense counsel stipulated as to Defendant's prior convictions and such a stipulation is considered reliable proof of prior convictions, we find no error.

For the reasons stated herein, we uphold Defendant's convictions.

No prejudicial error. Affirmed.

Judges HUDSON and ELMORE concur.