STATE OF NORTH CAROLINA,
v.
MICHAEL LEE NANCE, Defendant.
No. COA09-745.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brenda Menard, for the State.
Russell J. Hollers III for defendant-appellant.
GEER, Judge.
Defendant Michael Lee Nance appeals from his convictions of first degree statutory sex offense, taking indecent liberties with a child, and committing a lewd and lascivious act upon a child. Defendant argues that the trial court erred in denying his motion to dismiss after an emotional outburst by the mother of the victim. Because the trial court took prompt corrective action to ensure that defendant would not be unfairly prejudiced by the disruption, we conclude that the court did not abuse its discretion in denying defendant's motion.

Facts
The State's evidence tended to show the following facts. Defendant was a friend of the father of 12-year-old "Evan."[1] From Evan's first encounter with defendant until 4 August 2007, defendant touched the victim inappropriately approximately 20 to 30 times. These instances of inappropriate touching included defendant's touching Evan's thighs and buttocks and rubbing Evan's genitals. Defendant also gave Evan approximately four pornographic DVDs during the same period.
On 4 August 2007, defendant, Evan, and Evan's father went to Bosco Beach to ride four-wheelers and camp. Defendant rode a four-wheeler with Evan twice that day. While sitting behind Evan on the vehicle, defendant would place his hands on Evan's crotch area. That night, all three individuals shared a tent. Evan woke up three times that night to find defendant touching him inappropriately. The first time, Evan found his pants unzipped and defendant's hands rubbing his penis. When Evan woke up, defendant turned over, at which point Evan zipped up his pants and turned onto his side and went back to sleep. The second time, defendant had his hand down Evan's pants and was again rubbing Evan's penis. At that point, Evan moved around, and defendant stopped touching him. The victim attempted to wake his father, but his father had taken medication that made him drowsy and had been drinking. The third time Evan woke up, his pants were unzipped and had been pulled down to his knees. Defendant was performing fellatio on Evan. Defendant stopped when he saw Evan wake up and rolled over as if he were sleeping.
The next day, Evan's mother and father noticed that he was acting strangely. Later that day, Evan's mother found a pornography DVD in Evan's room and confronted him about it. Evan told his mother that defendant had given him the DVD. Evan then told his father about some of the inappropriate contact by defendant. Evan's parents called the Sheriff's Department.
Defendant was arrested on 11 October 2007. Detective Tammy Odom of the Wayne County Sheriff's Office interviewed him. Detective Odom testified at trial that during the interview defendant admitted to performing fellatio on Evan on the night he was camping with Evan and his father.
On 2 September 2008, defendant was indicted for one count of first degree statutory sex offense, two counts of taking indecent liberties with a child, and two counts of lewd and lascivious acts upon a child. At trial, defendant testified on his own behalf, claiming that he could not read, that his signed statement did not reflect what he had actually told Detective Odom, and that he had not given Evan any DVDs or touched him inappropriately.
The trial court submitted to the jury one count of indecent liberties with a child, one count of committing a lewd and lascivious act on a child, and one count of first degree sex offense. The jury found defendant guilty of all three charges. The court consolidated defendant's convictions for sentencing and imposed a presumptive-range term of 216 to 269 months imprisonment. Defendant timely appealed to this Court.

Discussion
Defendant's sole argument on appeal is that the trial court erred in denying his motion for a mistrial after Evan's mother disrupted the trial proceedings with an emotional outburst while Evan was testifying. Although the transcript does not reflect the content of Evan's mother's exclamation, the trial court later observed, in holding her in contempt, that she had "utter[ed] profanities directed to the defendant in the presence of this Court and in the presence of the jury." Defendant contends that the prejudice caused by this incident was "substantial" and urges that defendant's character was improperly impugned by the outburst. Further, defendant alleges, because Evan's mother was the next witness to be called by the State, "[t]he jury must have had the impression that the trial court had sanctioned her sentiments[,]" and "[t]he trial court implicitly told the jury that [Evan's mother] was right about what she said." We disagree.
N.C. Gen. Stat. § 15A-1061 (2009) provides:
Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case.
Our Supreme Court has emphasized, however, that "[a] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." State v. Blackstock, 314 N.C. 232, 243-44, 333 S.E.2d 245, 252 (1985).
When an unforeseen emotional outburst occurs during the course of a trial, the court "`must act promptly and decisively to restore order and to erase any bias or prejudice which may have been aroused.'" State v. Ward, 338 N.C. 64, 92, 449 S.E.2d 709, 724 (1994) (quoting State v. Sorrells, 33 N.C. App. 374, 376, 235 S.E.2d 70, 72, disc. review denied, 293 N.C. 257, 237 S.E.2d 539 (1977)), cert. denied, 514 U.S. 1134, 131 L. Ed. 2d 1013, 115 S. Ct. 2014 (1995). "`Not every disruptive event occurring during the course of trial requires the court automatically to declare a mistrial, and if in the sound discretion of the trial judge it is possible, despite the untoward event, to preserve defendant's basic right to receive a fair trial before an unbiased jury, then the motion for mistrial should be denied.'" Id. (internal citation omitted) (quoting Sorrells, 33 N.C. App. at 376-77, 235 S.E.2d at 72).
Because the trial court "`is present while the events unfold and is in a position to know far better than the printed record can ever reflect just how far the jury may have been influenced by the events occurring during the trial and whether it has been possible to erase the prejudicial effect of some emotional outburst[,]'" the decision of the trial court as to whether order can be restored and prejudice erased is "`entitled to the greatest respect'" on appeal. Id. (quoting Sorrells, 33 N.C. App. at 377, 235 S.E.2d at 72). Thus, unless the court's ruling "`is clearly erroneous so as to amount to a manifest abuse of discretion, it will not be disturbed on appeal.'" Id. at 92-93, 449 S.E.2d at 724 (quoting Sorrells, 33 N.C. App. at 377, 235 S.E.2d at 72).
In Sorrells, 33 N.C. App. at 376, 235 S.E.2d at 72, the prosecuting witness "jumped up from her chair behind the District Attorney's table and ran toward the defendant shouting, `You no good black so and so, you did do it, you know you did.'" The trial judge forced the witness to take her seat, sent the jury from the courtroom, and verified that the witness could restrain herself. Id. Upon the jury's return, the judge gave them the following instruction: "`[Y]ou will not consider any statement made by the prosecuting witness which was made just a moment or two before I sent you out when she got up out of the chair and approached this witness. That is not evidence and you should put that out of your minds and not consider it under any circumstances.'" Id. On appeal, this Court concluded that the trial court did not abuse its discretion because the trial court took prompt and decisive action. Id. at 377, 235 S.E.2d at 72.
Other cases have come to similar conclusions regarding the trial court's response to emotional outbursts. See, e.g., State v. Revels, 153 N.C. App. 163, 169, 569 S.E.2d 15, 18-19 (2002) (holding no error occurred when, after trial court had several times cautioned audience about "audible emotions" and after "a member of [the victim's] family began sobbing and immediately rose and attempted to leave the courtroom[,]" trial court excused jury, cautioned audience, and provided curative instruction to jury); State v. Stroud, 78 N.C. App. 599, 604, 337 S.E.2d 873, 876 (1985) (finding no error when "outburst occurred in the courtroom and one of the State's witnesses showed emotional trauma," but trial court "polled each juror individually [and] concluded that the jurors could disregard the disturbance in their deliberations").
Here, the trial court acted promptly and decisively to restore order to the courtroom. The court immediately ordered the jury out of the courtroom and excluded Evan's mother from the courtroom for the rest of the day except when she was called to testify. When the jury returned, the court instructed,
I charge you to disregard that behavior on the part of that spectator. It is to have no bearing at all upon your consideration of this case or your deliberations in this case. Such conduct is totally irrelevant to the issue of the defendant's guilt or innocence, which you will be deciding in this case.
The court then requested that the jurors raise their hands if they could disregard the outburst. All the jurors raised their hands.
We find no manifest abuse of discretion on the part of the trial court in denying defendant's motion for a mistrial. The trial court's corrective measures were similar to those in Sorrells, Revels, and Stroud and designed to ensure that the outburst did not cause irreparable prejudice to defendant. We note further that because defendant's trial counsel did not place in the record the precise substance of what was said, we cannot distinguish this case from prior decisions of this Court.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] The pseudonym "Evan" is used throughout this opinion to protect the minor's privacy and for ease of reading.