STATE OF NORTH CAROLINA
v.
LAMONT NELSON STEWARD, Defendant.
No. COA06-685
North Carolina Court of Appeals
Filed June 5, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Q. Shant. Martin, for the State.
Haral E. Carlin, for defendant-appellant.
ELMORE, Judge.
On 18 November 2005 , Lamont Steward (defendant) was convicted by a jury of first-degree sex offense, assault with a deadly weapon inflicting serious injury, and first-degree kidnapping. He was sentenced to serve 300 to 369 months in prison for the sexual offense and kidnapping, and an additional sentence of thirty-four to fifty months for the assault with a deadly weapon. It is from these convictions that defendant appeals.
The evidence at trial tended to show that on the night of 19 January 2005, defendant woke his girlfriend, T.H., and began a three hour attack during which he held her in the bedroom, beat her severely, sexually assaulted her, and threatened and stabbed her with a butter knife. T.H.'s roommate overheard the attack, as did her roommate's twelve-year-old son; the roommate unsuccessfully attempted to stop the attack.
After the attack, T.H. called the police and was subsequently treated by EMS and taken to the emergency room. The registered sexual assault nurse on call testified that T.H. had injuries including lacerations and extensive bruising to her face; bruising on her arms and chest; cuts across her chest; bruising on her back, thighs, and legs; and a puncture mark on her thigh.
Detective Randy Nordstrom, who led the investigation, also testified at trial. He stated that when he arrived at the scene, he saw T.H. badly beaten and bleeding from the face and chest. He was able to briefly question her before she was taken to the emergency room. She named defendant as her attacker, and was able to give the detective defendant's date of birth. With this information, Detective Nordstrom returned to the station, where he used the information to perform a record search on defendant. That search revealed a prior record. Detective Nordstrom testified that he used a prior booking photo to complete a warrant poster, which he then took to T.H. to confirm defendant's identity.
Defendant turned himself in to the police on 20 January 2005. While in police custody, defendant admitted to Detective Nordstrom that he hit T.H. hard with his fist multiple times. According to Detective Nordstrom, defendant also admitted to stabbing T.H. with the butter knife, stating that he "blinked out" and "went crazy." On appeal, defendant first argues that the trial court erred by allowing Detective Nordstrom to testify that he used a prior booking photo to identify defendant, thereby prejudicing the jury with evidence of defendant's bad character. This assignment of error was not preserved for appeal by objection at trial. However, an error not preserved by objection at trial may be assigned as plain error on appeal. "This Court has elected to review such unpreserved issues for plain error when Rule 10(c)(4) of the Rules of Appellate Procedure has been complied with and when the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence. " State v. Cummings, 346 N.C. 291, 313-14, 488 S.E.2d, 550, 563 (1997).
[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" . . . . State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)) (emphasis in original). Under plain error analysis, a defendant is entitled to reversal "only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002). Plain error analysis is only available in exceptional cases. This case is not the "exceptional case where . . . it can be said that the claimed error is a 'fundamental error . . . so lacking in its elements that justice cannot have been done . . . ." Odom, 307 N.C. at 660, 300 S.E.2d at 378. The photo was mentioned only in relation to the process of identifying the defendant. The picture itself was never shown to the jury and was not referred to in order to establish evidence of "bad character." Additionally, the identification process could have been completed without the use of the picture, as T.H. knew defendant intimately for five years and was, in fact, able to provide detectives with his name and date of birth without ever seeing any photographs. Finally, given the testimony as to the extent of T.H.'s injuries, as well as the testimony of T.H.'s roommate and her son, it is unlikely that "absent [the mention of the booking photo], the jury probably would have reached a different result." Jones, 355 N.C. at 125, 558 S.E.2d at 103. Accordingly, this assignment of error is without merit.
It is worth noting that even had defendant properly preserved this assignment of error for review, the result would be unchanged. The use of a booking photo for identification purposes, even if it is evident from the context of the picture that the photograph was taken in police custody, is not reversible error unless it can be shown to prejudice the jury. See, e.g., State v. Fulcher, 294 N.C. 503, 513, 243 S.E.2d 338, 346 (1978); State v. Segarra, 26 N.C. App. 399, 403, 216 S.E.2d 399, 403 (1975); State v. Foster, 63 N.C.App. 531, 536, 306 S.E.2d 126, 129 (1983). A booking photo is inadmissible as evidence of defendant's bad character, but we have suggested that the State may offer the booking photo for other purposes (such as identification), provided that the date of the photograph and name of the police department are first deleted.See, e.g., Foster, 63 N.C. App. at 535, 306 S.E.2d at 128-29. Additionally, the defendant may request an instruction to the jury regarding the purpose of the photograph if he is concerned with the photograph's implications. Id. In the instant case, the photograph was not even shown to the jury; it was merely mentioned in testimony. There was no objection by defense counsel and no motion for additional instructions to the jury. No specifics as to the date of the photograph or the context of the photograph were given aside from labeling it as a "booking photo." The photograph was not a key element of the case, and it is very likely, given the other testimony and evidence, that defendant would have been convicted without any mention of the photograph at all. Clearly, the purpose of mentioning the booking photo was identification, and allowing such testimony would not constitute reversible error even had defendant properly preserved the issue for review.
Defendant next contends that the trial court committed reversible error by allowing both the kidnapping and the assault with a deadly weapon charges to go to the jury when there was insufficient evidence to support those charges. However, defendant did not properly preserve these issues for appeal. No motion to dismiss was made for either charge after the State's evidence or after completion of the evidentiary portion of the hearing . Under the North Carolina Rules of Appellate Procedure, "[a] defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . ." N.C.R. App. P. 10(b)(3) (2006). "The failure of a defendant to move to dismiss at the close of all the evidence bars him from raising this issue on appeal." State v. Freeman, 164 N.C. App. 673, 676, 596 S.E.2d 319, 322 (2004).
Defendant contends that plain error analysis also applies to these assignments of error. That argument is incorrect. Plain error analysis is limited and applies only to the admissibility of evidence and to jury instructions. Cummings, 346 N.C. at 314, 488 S.E.2d at 563 . Neither of defendant's remaining assignments of error relate to a judge's admission of evidence or jury instructions. Plain error analysis is not available for errors of alleged insufficient evidence; both assignments of error are therefore dismissed.
Evidence of the booking photo was admitted for identification purposes and did not constitute plain error. Defendant's remaining assignments of error were not preserved for appellate review. Accordingly, we find that defendant received a fair trial free from error.
No error.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).