STATE OF NORTH CAROLINA v. AARON MICHAEL BURKE, Defendant

No. COA06-1327

(Filed 7 August 2007)

**1. Appeal and Error— assignments of error—citation to transcript rather than record—merits addressed**

The merits of defendant's appeal were addressed even though he violated Appellate Rule 28(b)(6) by citing the transcript rather than the record for the assignments of error. Defendant's mistake does not prevent a full understanding of the issues at hand or obstruct the process of the appeal.

**2. Public Records— alteration of child support order—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss for insufficient evidence a charge of altering an official record (a child support record).

---

**3. Trials— questioning by judge—clarification of testimony**

The trial court did not abuse its discretion by asking a witness two questions which were intended to clarify the witness's testimony. The questions did not communicate any opinion or prejudice defendant's case.

**4. Criminal Law— instructions—reasonable doubt—no plain error**

There was no plain error in the trial court's jury instruction on reasonable doubt in a prosecution for altering an official document. The language to which defendant takes issue is substantially the same as that which the N.C. Supreme Court has upheld. Moreover, defendant did not prove that any error affected the instruction as a whole or prejudiced his case.

Appeal by defendant from judgment entered 14 December 2005 by Judge D. Jack Hooks, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant.*

*Attorney General Roy Cooper, by Assistant Attorney General David D. Lennon, for the State.*

ELMORE, Judge.

Adam Michael Burke (defendant) was required to pay child support since 2002 for his minor children, a responsibility that included providing health insurance pursuant to a 19 March 2002 family court "Consent Agreement and Order to Modify Child Support Order" (consent order). During the years 2004 and 2005, Jackie Capps oversaw defendant's child support responsibilities on behalf of the Brunswick County Department of Social Services (DSS). Previously, defendant had been issued show cause orders for contempt for failure to pay child support, and a hearing for one such order was held on 30 August 2004.

In February, 2005, DSS sent Southport Concrete, defendant's then employer, a National Medical Support Notice seeking health insurance for defendant's minor children. On 23 February 2005, Southport Concrete sent DSS a response stating that "Adam Burke is not required to have health insurance on his children," attached to which was a purported copy of the 30 August 2004 order. Ms. Capps noticed

that the attached order differed from the copy she had from the hearing on 30 August 2004. The copy from Southport Concrete included handwritten portions relieving defendant of his obligation to provide medical insurance to his children through his employer. Ms. Capps also knew that an order from a show cause hearing would not have an effect on defendant's obligations regarding his children's medical insurance through his employer. Ms. Capps went to the Clerk of Court and found the original order, which did not contain the hand-written language, made copies of it, and had a clerk in the civil department stamp each page to certify that it was a true copy.

On 3 March 2005, Ms. Capps was summoned to the clerk's office, where she learned that the order in the file had been changed to match the one sent to her by Southport Concrete. Defendant was asked to provide handwriting samples, which Captain John P. Roggina of the New Hanover County Sheriff's Department analyzed.[1] Upon Captain Roggina's written opinion that the handwriting of the altered portion of the court order was consistent with defendant's handwriting samples, defendant was arrested and charged with the felony of intentionally and materially altering an official case record.

During the ensuing trial, the trial judge asked Ms. Capps two questions regarding testimony that she had just given during redirect examination; defendant did not object to these questions. Also, when giving jury instructions, the trial judge added the following to the pattern jury instruction: "A reasonable doubt is not a vain doubt; it's not a fanciful doubt; it's not proof beyond all doubt; it's not proof beyond a shadow of a doubt. There are few things in human existence we can prove beyond all doubt and a shadow of a doubt." Defendant did not object to this instruction. The jury found defendant guilty and defendant now appeals.

**[1]** The State contends that defendant violated the North Carolina Rules of Appellate Procedure and that for this reason, defendant's appeal should be dismissed. The State argues that defendant violated Rule 28(b)(6), which states, in relevant part:

> Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appel-

---

1. Captain Roggina is certified in handwriting analysis and has over thirty-two years of experience in this area.

lant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

N.C.R. App. P. 28(b)(6) (2007). In his brief, defendant cited the transcript rather than the record for the assignments of error. The State argues that our Supreme Court has stated that an appellate court may not create an appeal for a defendant who violates the Rules of Appellate Procedure. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). However, our Supreme Court has more recently noted that although "compliance with the Rules is required[,] . . . every violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure." *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (citations omitted). Further, defendant's mistake does not prevent this Court or the litigants from a full understanding of the issues at hand, nor does it obstruct the process of this appeal. We therefore address the merits of defendant's appeal.

[2] Defendant first argues that the trial court erred in denying his motion to dismiss for insufficiency of the evidence. The standard of review for ruling on a defendant's motion to dismiss is whether "the state has presented substantial evidence on each element of the crime and substantial evidence that the defendant is the perpetrator." *State v. Replogle*, 181 N.C. App. 579, 580-81, 640 S.E.2d 757, 759 (2007) (quoting *State v. Fowler*, 353 N.C. 599, 621, 548 S.E.2d 684, 700 (2001)). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Peoples*, 167 N.C. App. 63, 67, 604 S.E.2d 321, 324 (2004) (citations and quotations omitted). The evidence should be considered "in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." *State v. Combs*, 182 N.C. App. 365, 368, 642 S.E.2d 491, —— (2007).

The State makes three contentions: (1) that the second page of the court order was swapped with another page between 23 February and 2 March 2005; (2) that the swap was a material alteration; and (3) that defendant swapped the pages. Defendant argues that the State's evidence is insufficient to prove any of the above, while the State counters that, looking at the undisputed facts in the light most favorable to the State, a jury could rationally conclude that all three of the State's contentions are correct. We agree with the State.

STATE v. BURKE

[185 N.C. App. 115 (2007)]

Based on the undisputed facts, a jury could rationally have concluded that defendant was the individual who swapped the pages in the court order. First, the handwriting expert's opinion was that defendant wrote the handwritten parts of the altered page. Second, defendant was the only one who had a motive to swap the documents; the swap gave him a benefit that he sought before the swap occurred. Finally, defendant's communication with an employee at Southport Concrete revealed that he was aware of the language that was added to the altered order and the benefit it accorded him. On these facts, we hold that there was sufficient evidence to take the case to a jury. Accordingly, the trial court properly denied defendant's motion to dismiss.

[3] Defendant next argues that the trial judge abused his discretion in asking Ms. Capps two questions of clarification while she was on the stand. However, "it is well recognized that a trial judge has a duty to question a witness in order to clarify his testimony or to elicit overlooked pertinent facts." *State v. Fleming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732 (1999) (citations and quotations omitted). Likewise, it is "well settled" that a trial judge may question witnesses in the interests of supervising and controlling the course of a trial. *State v. Rushdan*, 183 N.C. App. 281, 284, 644 S.E.2d 568, 571 (2007).

> The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury. In evaluating whether a judge's comments cross into the realm of impermissible opinion, a totality of the circumstances test is utilized.

*Id.* at 283-84, 644 S.E.2d at 571 (quoting N.C. Gen. Stat. § 15A-1222 (2005); *State v. Larrimore*, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995)). "A new trial is not required if, considering the totality of the circumstances under which the remark was made, defendant fails to show prejudice." *Id.* at 284, 644 S.E.2d at 571 (citation omitted).

Defendant contends that the trial judge's questions were not made for the purpose of clarification, but reiterations of certain facts. Defendant argues that these facts therefore received undue weight in the eyes of the jury. The interchange between the trial judge and Ms. Capps is as follows:

A. He has never said that but there has been some testimony as to he has never seen an order that ordered him to provide medical insurance.

THE COURT: BY "THERE'S BEEN SOME TESTIMONY," YOU MEAN IN PERHAPS A CHILD SUPPORT CASE?

A. Yes.

THE COURT: YOU MEAN TESTIMONY BY HIM?

A. Yes.

We find that these questions were intended to clarify the witness's testimony because of the ambiguity in the phrase "there has been some testimony." It was not clear to what case or type of case Ms. Capps was referring. Nor was it clear to whose testimony she referred. The trial judge's questions did not communicate any opinion or prejudice defendant's case in any way. Because defendant is unable to show prejudice as a result of the trial judge's questioning, we find no error.

[4] Finally, defendant argues that the trial court committed plain error in its charge to the jury, which he argues contained a material addition in the instruction on reasonable doubt. Though defendant acknowledges that he did not object to the jury instruction and that this Court may therefore decline to review this issue, he claims that the "rhetorical imbalance" caused by the judge's jury instruction prejudiced his case. Defendant's contention is without merit.

Because defendant failed to preserve this issue on appeal by neglecting to object to the jury instruction during the trial, "we may review it only for plain error." *State v. Walters*, 357 N.C. 68, 91, 588 S.E.2d 344, 358 (2003) (citations omitted). "[I]t is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury." *State v. Wiley*, 182 N.C. App. 437, 444, 642 S.E.2d 717, 722 (2007). Defendant must prove that the error was "so prejudicial, so lacking in its elements that justice cannot have been done, . . . or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial." *State v. Steward*, 183 N.C. App. 492, ——, 645 S.E.2d 231, —— (2007).

"[A] jury instruction is unconstitutional if there is a reasonable likelihood that the jury understood the instruction to allow conviction without proof beyond a reasonable doubt." *Tyler v. Cain*, 533 U.S. 656, 658, 150 L. Ed. 2d 632, 640 (2001). Our Supreme Court has held that "no particular formation of words is necessary to properly define reasonable doubt, but rather, the instructions, in their totality,

must not indicate that the State's burden is lower than 'beyond a reasonable doubt.' " *State v. Taylor,* 340 N.C. 52, 59, 455 S.E.2d 859, 862-63 (1995) (citing *Victor v. Nebraska,* 511 U.S. 1, 5, 127 L. Ed. 2d 583, 590 (1994)). In *Taylor,* our Supreme Court affirmed a previous holding in which language substantially similar to the jury instruction in the instant case was approved. *Id.* at 69, 455 S.E.2d at 863 (citing *State v. Bryant,* 337 N.C. 298, 446 S.E.2d 71 (1994)). The jury instruction given in *Bryant* was, in relevant part:

> A reasonable doubt is not a mere possible doubt, for most things that relate to human affairs are open to some possible or imaginary doubt.

> A reasonable doubt is not a vain, imaginary or fanciful doubt, but it is a sane, rational doubt arising out of the evidence or lack of evidence or from its deficiency.

> When it is said that the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that they must be fully satisfied or entirely convinced or satisfied to a *moral certainty* of the truth of the charge.

> If, after considering, comparing and weighing all the evidence, the minds of the jurors are left in such condition that they cannot say they have an abiding faith to a *moral certainty* in the defendant's guilt, then they have a reasonable doubt; otherwise not.

> A reasonable doubt, as that term is employed in the administration of criminal law, is *an honest substantial misgiving* generated by the insufficiency of the proof. An insufficiency which fails to convince your judgment and confidence and satisfy your reasons as to the guilt of the defendant.

*Bryant,* 337 N.C. at 302, 446 S.E.2d at 73. The portion of the jury instruction in the instant case to which defendant takes issue is as follows: "A reasonable doubt is not a vain doubt; it's not a fanciful doubt; it's not proof beyond all doubt; it's not proof beyond a shadow of a doubt. There are few things in human existence we can prove beyond all doubt and a shadow of a doubt." The added language on reasonable doubt is substantially the same as that which our Supreme Court has upheld. We therefore find no error in the instruction.

Moreover, even if we were to find the additional language in error, which we do not, defendant fails to prove either that the error affected the instruction as a whole, or that it prejudiced his case. We

find it highly unlikely that the altered jury instruction changed the outcome of defendant's trial. Defendant has therefore failed to establish plain error.

Having conducted a thorough review of the record, we find both that there was sufficient evidence to take the case to the jury, and that the trial judge's questions and instructions were appropriate under the circumstances. Accordingly, we find no error in defendant's trial.

No error.

Judges HUNTER and GEER concur.