**STATE v. MARTINEZ**

[230 N.C. App. 361 (2013)]

STATE OF NORTH CAROLINA
v.
EDGARD JOEL MARTINEZ

No. COA13-492

Filed 5 November 2013

**1. Appeal and Error—certiorari granted—different theory on appeal**

The Court of Appeals granted defendant's petition for *certiorari*, invoking its authority under N.C.R. App. P. 2, to review the merits of defendant's appeal where defendant acknowledged that his argument in Court of Appeals presented a different theory for dismissal than that argued in the trial court.

**2. Crimes, Other—altering court documents—insufficient evidence**

The trial court erred by denying defendant's motion to dismiss the charge of altering court documents. While the evidence suggested that defendant forged signatures on a document before it was filed in the clerk of court's office, the evidence did not show that defendant materially altered or changed any process, pleading, or other official case record.

Appeal by Defendant from judgment entered 15 November 2012 by Judge Tanya T. Wallace in Superior Court, Onslow County. Heard in the Court of Appeals 8 October 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*

*W. Michael Spivey for Defendant.*

McGEE, Judge.

Edgard Joel Martinez ("Defendant") was indicted on 11 September 2012 for altering court documents, using the seal or notarial records of a notary without authority, and obstructing justice. At trial, Defendant testified that he and Marcia Martinez ("Ms. Martinez") married in February 2010 and separated in March 2010. Defendant filed an action for divorce on 23 May 2011.

Ms. Martinez testified that she did not sign her name to a document titled "Acceptance of Service, Answer and Waiver of Notice" filed in the Office of the Clerk of Superior Court in Onslow County on 20 June 2011. Stanley McCormick ("Mr. McCormick"), a notary public, testified that the signature which reads "Stanley D. McCormick" was not his signature and that he did not sign the document titled "Acceptance of Service, Answer and Waiver of Notice." Defendant was convicted of altering court documents and obstructing justice on 15 November 2012. Defendant appeals.

On appeal, Defendant argues the trial court erred by denying Defendant's motion to dismiss the charge of altering court documents. Defendant does not challenge his conviction for obstructing justice on appeal.

### I. Preservation

Preliminarily, we address the question of whether Defendant preserved this issue for review. "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1). Defendant preserves only those arguments that he presented to the trial court. *See, e.g., State v. Sharpe*, 344 N.C. 190, 194-95, 473 S.E.2d 3, 5-6 (1996).

The defendant in *Sharpe* argued at trial that evidence "should be admitted under the state of mind and dying declarations exceptions to the rule against hearsay." *Id.* at 195, 473 S.E.2d at 5-6. The defendant argued on appeal that the evidence was admissible as statements against penal interest. *Id.* at 194, 473 S.E.2d at 5. Our Supreme Court held that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount[.]" *Sharpe*, 344 N.C. at 194, 473 S.E.2d at 5 (internal quotation marks omitted).

In the present case, at the conclusion of the State's evidence, Defendant moved to dismiss, arguing the State failed to present evidence that Defendant was the perpetrator.

> [Defense counsel]. Judge, obviously, there has been evidence that shows, perhaps, a forgery was committed. There's been testimony it was not the signature of Mr. McCormick; however, Judge, there has been absolutely no evidence that points toward this defendant. There has

been no evidence, taken in the light most favorable to the [S]tate, that shows he's the one that altered these court documents. . . .

I would ask the court that, based on the elements of this particular crime or these particular crimes, because the [S]tate is only proceeding, Your Honor, with the altering the court documents and obstructing justice, that there's not enough evidence for this to go to the jury for them to make any type of decision based on my client is the one that did this. Yes, there has been some evidence of a forgery. Who? Not one person has gotten on that stand and said, based on this, that, or the other, he did it. I would ask the court to dismiss this case[.]

Defendant renewed his motion to dismiss at the conclusion of all evidence, as follows:

[Defense counsel]. Judge, I want to renew my motion to dismiss at the close of all of the evidence and ask that the court enter directed verdict. Judge, it would be under the grounds I stated previously in my argument.

Defendant acknowledges "that his argument in this Court presents a different theory for dismissal than that argued in the trial court." Defendant requests that this Court invoke N.C.R. App. P. 2 to review the sufficiency of the evidence.

To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative[.]

N.C.R. App. P. 2.

This Court invoked N.C.R. App. P. 2 to review the merits of an argument in *State v. Gayton-Barbosa,* 197 N.C. App. 129, 676 S.E.2d 586 (2009). In that case, the defendant failed to renew his motion to dismiss the charge of felonious larceny. *Id.* at 133, 676 S.E.2d at 589. The defendant limited his argument in support of his motion at the close of the State's evidence to the lack of "evidence that the firearm in question was not returned to the owner[.]" *Id.* The defendant argued on appeal that there existed a variance between the indictment and the evidence. *Id.*

In *Gayton-Barbosa,* this Court invoked N.C.R. App. P. 2 for three reasons: (1) Supreme Court precedent [*State v. Brown,* 263 N.C. 786, 140 S.E.2d 413 (1965)] indicated that "fatal variances of the type present here are sufficiently serious to justify the exercise of our authority under N.C.R. App. P. 2[;]" (2) "a variance-based challenge is, essentially, a contention that the evidence is insufficient to support a conviction[,]" and this Court and our Supreme Court "have regularly invoked N.C.R. App. P. 2 in order to address challenges to the sufficiency of the evidence to support a conviction[;]" and (3) "it is difficult to contemplate a more 'manifest injustice' to a convicted defendant than that which would result from sustaining a conviction that lacked adequate evidentiary support[.]" *Gayton-Barbosa,* 197 N.C. App. at 134-35, 676 S.E.2d at 590.

The challenge in the present case concerns the sufficiency of the evidence. After careful consideration, we invoke our authority under N.C.R. App. P. 2 to review Defendant's argument. Defendant contends that the "filing of a forged document does not violate N.C. Gen. Stat. § 14-221.2."

## II. Standard of Review

We review the trial court's denial of a motion to dismiss *de novo.* *State v. Smith,* 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The "trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Bradshaw,* 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The "trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *Bradshaw,* 366 N.C. at 92, 728 S.E.2d at 347. "All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Bradshaw,* 366 N.C. at 93, 728 S.E.2d at 347 (internal citations and quotation marks omitted).

## III. Analysis

[2] "Any person who without lawful authority intentionally enters a judgment upon or materially alters or changes any criminal or civil process, criminal or civil pleading, or other official case record is guilty of a Class H felony." N.C. Gen. Stat. § 14-221.2 (2011).

In *State v. Burke,* 185 N.C. App. 115, 648 S.E.2d 256 (2007), this Court held that evidence that the defendant swapped the second page of

STATE v. MARTINEZ

[230 N.C. App. 361 (2013)]

an order with another page was sufficient to survive a motion to dismiss the charge of altering court documents. In the order, the defendant was required to pay child support and provide health insurance for the children. *Id.* at 116, 648 S.E.2d at 257.

The defendant's employer sent DSS a letter stating that the defendant was "not required to have health insurance on his children" and attached a copy of an order. *Id.* DSS "knew that an order from a show cause hearing would not have an effect on [the] defendant's obligations regarding his children's medical insurance" and confirmed this knowledge by checking the original order in the clerk of court's office. *Id.* at 117, 648 S.E.2d at 258. The copy "included handwritten portions relieving [the] defendant of his obligation to provide medical insurance to his children through his employer." *Id.* at 117, 648 S.E.2d at 257-58. The original order "did not contain the hand-written language[.]" *Id.* at 117, 648 S.E.2d at 258.

However, an employee of DSS was later "summoned to the clerk's office, where she learned that the order in the file had been changed to match the one sent to her by" the defendant's employer. *Id.* A handwriting analyst testified that the handwriting on the altered portion of the order was consistent with the defendant's handwriting samples, in the opinion of the analyst.

In the present case, the State presented testimony from two witnesses, Ms. Martinez and Mr. McCormick. Ms. Martinez testified that, on the document titled "Acceptance of Service, Answer and Waiver of Notice," the signature which reads "Marcia Martinez" was a "horrible signature" and was not her own signature. Ms. Martinez further testified that she and Defendant were having "disagreements about the dissolution of the marriage[.]" Mr. McCormick, the notary public, testified that the signature which reads "Stanley D. McCormick" was not his signature and that he did not sign the document titled "Acceptance of Service, Answer and Waiver of Notice."

The State urges a plain reading of N.C.G.S. § 14-221.2. A plain reading of the statute, with the precedent in *Burke, supra,* compels us to conclude that the evidence does not show that Defendant materially altered or changed any process, pleading, or other official case record. Rather, the evidence suggests that Defendant forged the signatures of Ms. Martinez and Mr. McCormick on the document before it was filed in the clerk of court's office.

The trial court erred in denying Defendant's motion to dismiss the charge of altering court documents. We need not reach Defendant's

argument concerning jury instructions because of our holding on the first issue.

Vacated.

Judges McCULLOUGH and DILLON concur.